UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-19-F

| | |
|---|---|
| NICOLAOS P. SPIRAKIS, et al., )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>IN THE MATTER OF THE )<br>FORECLOSURE of Deeds of Trust of )<br>Bank of North Carolina to BNC Credit )<br>Corp, Trustee dated September 3, 2010 )<br>and recorded on September 9, 2010 in )<br>Book 5509, Page 1179 and Book 5509, )<br>Page 1239, New Hanover County )<br>Registry, )<br>Defendant. )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>THE TREASURY AND THE BOARD )<br>OF GOVERNORS OF THE FEDERAL )<br>RESERVE SYSTEM aka FEDERAL )<br>RESERVE BOARD, )<br>Third Party Defendants. )<br>_____ ) | ORDER |

This matter is before the court on the Motion to Dismiss [DE-5] filed by the United States. For the reasons stated below, the motion is ALLOWED and the claims against the United States are DISMISSED. The court retains jurisdiction over the remaining claims in this action.

## I. PROCEDURAL BACKGROUND

On January 23, 2014, the United States, on behalf of the United States Department of the Treasury and the Board of Governors of the Federal Reserve System, filed a Notice of Removal [DE-

1] in this court pursuant to 28 U.S.C. § 1442(a)(1). Attached to the Notice of Removal was a pleading filed in the North Carolina General Court of Justice, Superior Court Division, New Hanover County [DE-1-1]. The pleading is denominated "Complaint and Third Party Complaint (Referenced Foreclosure 13-SP-722)", and its title suggests it was filed in response to a foreclosure proceeding in state court. In the pleading, Plaintiffs "submit[] their Injunction, Complaint to the Foreclosure of the Defendants herein, and responding further by asserting a claim against Third Party Defendants United States Department of The Treasury and The Board of Governors of The Federal Reserve System aka Federal Reserve Board, as well as Counterclaims against the Defendants." Compl. [DE-1-1] at 1-2. With regard to the Third Party Defendants, Plaintiffs appear to assert a claim for violation "of Plaintiffs' rights under the Due Process and Equal Protection Clause of the United States Constitution." Compl. [DE-1-1] ¶ 104. It appears the pleading was filed on or about October 30, 2013.

Despite allegedly improper service, the United States Attorney's Office received a copy of this pleading on January 15, 2014, and promptly filed the Notice of Removal. Therein, the Government asserted that the removal only applied to the Third-Party Complaint against the United States Department of the Treasury and the Board of Governors of the Federal Reserve System.[1] On the same day that the Government filed the Notice of Removal, it filed a motion to dismiss Plaintiffs' Third Party Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Also on that same day, the Clerk of Court issued a Notice [DE-3] to counsel for Plaintiffs, notifying him that he would need to be able to file as an electronic filer in the Eastern District of

---

[1] The Government does not cite to any authority for the proposition that part of an action may be removed.

North Carolina. To date, Plaintiffs' counsel has not complied with the Clerk's Notice, nor have Plaintiffs filed a response to the Government's Motion to Dismiss.

On June 4, 2014, Defendant Bank of North Carolina to BNC Credit Corp., Trustee (*In the Matter of the Foreclosure of Deeds of Trust dated September 3, 2010, and recorded on September 9, 2010, in Book 5509, Page 1179 and Book 5509, Page 1239, New Hanover County Registry*), caused its counsel to file a Notice of Appearance [DE-6], and also filed a notice of the Answer it filed to the pleading in state court, prior to removal [DE-7].

## II. ANALYSIS

Under the doctrine of derivative jurisdiction, a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court where the case originated. *Palmer v. City National Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir.2007) (citing *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382 (1922)). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co.*, 258 U.S. at 382.

Although the general removal statute, 28 U.S.C. § 1441, has been amended to preclude application of the derivative jurisdiction doctrine, the doctrine still applies to removal pursuant to § 1442. *See Palmer*, 498 F.3d at 244-46 ("[B]ecause the plain language of § 1441(f) limits the abrogation of derivative jurisdiction to removals under § 1441 and because our precedent holds that the doctrine is viable under § 1442, the doctrine applies to the removal in this case."); *Kasi v. Angelone*, 300 F.3d 487, 504 n. 6 (4th Cir.2002) ("[A] federal court's jurisdiction upon removal under § 1442(a)(1) is derivative of the state court's jurisdiction."); *United States v. Williams*, 170 F.3d 431, 433 (4th Cir.1999) (same); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir.1989)

3

(same). Accordingly, when faced with an action removed pursuant to 28 U.S.C. § 1442, a district court must determine whether the state court in which the case originated had subject matter jurisdiction; and if it did not, the claim must be dismissed. *See Bell v. Shinseki*, 1:10CV475, 2010 WL 4683626, at *1 (M.D.N.C. Nov. 10, 2010).

As a sovereign, the United States "'is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). This sovereign immunity extends to both the United States and its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A court cannot infer a waiver of sovereign immunity; rather, it "'must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Absent an express statutory provision, the federal government's sovereign immunity precludes suit against the federal government in state court. *See Bullock v. Napolitano*, 666 F.3d 281, 284-85 (4th Cir. 2012).

Here, the United States, and in turn its agencies the Department of the Treasury and the Board of Governors of the Federal Reserve System, enjoy sovereign immunity from suit in state court unless otherwise waived. The United States asserts that it "has not waived its sovereign immunity so as to consent to be sued for plaintiffs' claims in state court." Mem. in Support of Mot. to Dismiss [DE-5] p. 3. Plaintiffs, having failed to respond, have not pointed to any authority showing that the United States has waived its sovereign immunity in state court. Accordingly, the court will accept the United States' contention that it enjoys immunity from suit for Plaintiff's claims in state court, and that therefore the New Hanover County court lacked jurisdiction over Plaintiffs' "third party" claims.

4

Having done so, and in recognition that this action was removed to this court pursuant to § 1442, the court concludes that the doctrine of derivative jurisdiction precludes this court from exercising jurisdiction over the United States as well. Accordingly, the Plaintiffs' claims against United States Department of the Treasury and the Board of Governors of the Federal Reserve System are DISMISSED.

The remaining claims in this action, asserted against Defendant Bank of North Carolina to BNC Credit Corp., Trustee (*In the Matter of the Foreclosure of Deeds of Trust dated September 3, 2010, and recorded on September 9, 2010, in Book 5509, Page 1179 and Book 5509, Page 1239, New Hanover County Registry*), appear to include at least one claim arising under federal law, and thus, the court appears to have jurisdiction over those claims. *See* Compl. [DE-1-] ¶¶ 81-93. Should Defendant Bank of North Carolina to BNC Credit Corp., Trustee (*In the Matter of the Foreclosure of Deeds of Trust dated September 3, 2010, and recorded on September 9, 2010, in Book 5509, Page 1179 and Book 5509, Page 1239, New Hanover County Registry*) disagree with this assessment, it is free to file an appropriate motion.

Finally, Plaintiff's counsel, David C. Haar, has failed to register as an electronic filer, despite the Clerk providing explicit notice of his need to do so. Additionally, Plaintiff's counsel has failed to file a notice of appearance, in violation of Local Civil Rule 5.2(a). Accordingly, Mr. Haar is ORDERED to, within seven days of the filing date of this order, either (1) file a notice of appearance in accordance with Local Civil Rule 5.2, or (2) file a motion to withdraw as attorney of record for plaintiffs. Because Mr. Haar currently is not registered as an electronic filer, any notice of appearance or motion to withdraw must be accompanied by a motion for leave to file in paper form, per Local

5

Case 7:14-cv-00019-F   Document 8   Filed 06/23/14   Page 5 of 6

Civil Rule 5.1(d). Furthermore, Mr. Haar is DIRECTED to register as an electronic filer with this district on or before August 1, 2014.

Plaintiffs and their counsel are warned that the failure to comply with this order may result in the imposition of sanctions, including the dismissal of this action without prejudice.

### III. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss [DE-4] is ALLOWED, and any claims, or third-party claims, asserted against the United States Department of the Treasury or the Board of Governors of the Federal Reserve System are DISMISSED.

Plaintiff's counsel, David C. Haar, is ORDERED to, within seven days of the filing date of this order, either (1) file a notice of appearance in accordance with Local Civil Rule 5.2, or (2) file a motion to withdraw as attorney of record for plaintiffs. Because Mr. Haar currently is not registered as an electronic filer, any notice of appearance or motion to withdraw must be accompanied by a motion for leave to file in paper form, per Local Civil Rule 5.1(d). Furthermore, Mr. Haar is DIRECTED to register as an electronic filer with this district on or before August 1, 2014.

Plaintiffs and their counsel are warned that the failure to comply with this order may result in the imposition of sanctions, including the dismissal of this action without prejudice

SO ORDERED.

This the 23rd day of June, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge